STATE OF NEBRASKA, EX REL. GUSTAV PRITSCHAU, V. S. H. SORNBORGER.

FILED NOVEMBER 2, 1904.    No. 13,593.

Exceptions, Bill of: MANDAMUS. Where an *ex parte* order extending the time for the presentation of a bill of exceptions has been found upon a hearing to have been wrongfully and fraudulently obtained, a district judge may set the order aside, and refuse to settle and allow the bill because not presented within the statutory time. In such case he will not be compelled by mandamus to settle and allow the bill.

ORIGINAL application for a writ of mandamus to compel the allowance of a bill of exceptions. *Writ denied.*

C. E. Holland, for relator.

J. J. Thomas, contra.

LETTON, C.

This is an original action in this court for the purpose of compelling the Honorable S. H. Sornborger, lately judge of the district court for Seward county, to settle, allow and

sign a bill of exceptions in an action pending in said court. A summary statement of the allegations of the petition is that, on the 16th day of February, 1903, an action was pending in the district court for Seward county, wherein Gustav Pritschau was plaintiff and Rice Brothers & Nixon and others were defendants, wherein the W. J. Perry Live Stock & Commission Company and W. E. Langworthy, two of the defendants, recovered a final judgment against the plaintiff dismissing his action; that the presiding judge, the Honorable S. H. Sornborger, granted 40 days from the rising of the court to prepare and present a bill of exceptions; that, afterwards, upon a showing of diligence, said judge made an order extending the time in which to prepare and serve the bill of exceptions to 80 days from the rising of the court; that the term of court at which the action was tried adjourned *sine die* on the 16th day of May, 1903; that the proposed bill of exceptions was, on the 6th day of July, served upon the attorney of record for said defendants, who retained the same until after the 15th day of August, 1903, and on the 27th day of August, 1903, it was found upon the desk in the office of C. E. Holland, one of the attorneys for plaintiff Pritschau, without any amendments being suggested or proposed; that said proposed bill was presented to the respondent, S. H. Sornborger, for settlement and allowance within the time required by law; that said judge took away the said proposed bill and never returned same, but that, afterwards, in December, 1903, it was found in the office of J. J. Thomas, the attorney for said defendant, and was again presented by plaintiff's attorney to the said respondent, Sornborger, for settlement and allowance, on December 15, and that, afterwards, on the 24th day of December, respondent declined and refused to settle or allow said bill. The petition prays for a peremptory writ of madamus to compel the respondent to settle and allow the bill of exceptions. The answer of the respondent, after admitting the facts in relation to the rendition of the judgment, the allowance of the 40 days to prepare and present

the bill, and the making of the order extending the time for an additional 40 days, alleges that the bill of exceptions was presented to him in November, 1903; that it appeared that it had been tendered to adverse counsel on July 13, 1903, and service refused because it had not been served within the original 40 days allowed by the respondent; that, when the bill was presented to him for allowance by the relator's attorney, he observed that objection had been made to its allowance, and that he refused to consider the allowance of same without notice to the opposing counsel; that the matter of allowing and settling the bill of exceptions came on finally to be heard on the 24th day of December, 1903, which was a day of the regular November, 1903, term of the district court for Seward county, on the motion of the defendants to revoke, cancel and annul the order granting plaintiff an additional 40 days within which to prepare and serve said bill, and upon other objections to its allowance, at which hearing all of the parties in interest were represented by counsel; that upon a full hearing of the facts the respondent concluded that there was an entire lack of diligence on the part of the relator, and a clear case of gross negligence, and respondent therefore withdrew, canceled, revoked and annulled the former order granting an additional 40 days within which to prepare and serve the bill of exceptions; that no proceedings to reverse said order have been instituted.

No evidence was presented in this court, other than the original proposed bill of exceptions with the endorsements and memoranda written thereupon; but it sufficiently appeared from the statements and admission made upon the hearing that the facts were substantially as alleged in the pleadings.

It appears that the motion to set aside the order granting additional time was made upon the grounds that the defendant had no notice of the application for additional time; that no showing of diligence had been made; that the reporter had completed the bill of exceptions and

offered to deliver it to the plaintiff long prior to the expiration of the first 40 days allowed; that the obtaining of the order of extension was a fraud upon the court, and that it was solely owing to the plaintiff's neglect that the bill was not served within the first 40 days. At the hearing upon the motion to vacate the order, both parties appeared and were represented by counsel, and evidence was taken by the court, upon consideration of which an order revoking the order of July 3 was entered. It appears, then, that the district judge found at the hearing that when he made the order extending the time he had been imposed upon, and that upon ascertaining that fact he set aside the order made and refused to settle the bill of exceptions.

This he had a perfect right to do. It would be strange indeed if a judge who found he had been deceived in making an *ex parte* order extending the time to present a bill of exceptions could not deprive the offending party of any benefit from an order thus obtained, by refusing to give him the benefit of his wrongdoing upon an application to settle and allow the bill. Courts and judges are not thus impotent.

The matters set forth in the answer and the facts admitted constitute a good defense, and the respondent was justified in his refusal to settle the bill of exceptions.

The writ should be refused and proceeding dismissed at relator's costs.

By the Court: For the reasons stated in the foregoing opinion, the writ is refused and the proceeding dismissed at relator's costs.

Writ denied.